United States District Court
Southern District of Texas
**ENTERED**
June 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC ANTHONY HILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-02104 |
| | § | Criminal Action No. 17-CR-7-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Petitioner Marc Anthony Hill's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 1, Criminal Document No. 840); Petitioner's Supplemental Omnibus Motion for Post-Conviction Relief (Criminal Document No. 899); and Respondent United States of America's Motion for Summary Judgment (Criminal Document No. 864). Having considered the motions, submissions, and applicable law, the Court determines that the Petitioner's motions should be denied, and the Respondent's motion should be granted.

## I. BACKGROUND

On March 29, 2018, Petitioner Marc Anthony Hill ("Hill") was charged in a four-count indictment with: (1) aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 1952; (2) aiding and abetting the use of a firearm during

a crime of violence causing the death of person in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(3), and (j)(1); (3) attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and (4) aiding and abetting the discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(3).[1] Hill, along with several co-defendants, became involved in "an armored car robbery at a bank automated teller machine scheme" in 2016. *United States v. Hill*, 63 F.4th 335, 342 (5th Cir. 2023). "The scheme involved staking out ATMs to identify when armored car drivers would replenish the cash inside and then robbing the armored car at the time of delivery by shooting and killing the driver." *Id.* The crew pulled off their first hit at a Wells Fargo bank ATM in Houston, during which they murdered the armored car driver. *Id.* A second robbery was planned at an Amegy Bank ATM later that year. *Id.* Law enforcement was tipped off, and after months of surveillance, converged on the attempted Amegy Bank ATM robbery and arrested Hill at the scene. *Id.*

In March of 2019, this Court held a ten-day jury trial in this matter, after which a federal jury found Hill guilty on all four counts. *Id.* at 344. On July 2, 2019, the Court sentenced Hill to two concurrent terms of 240 months on Counts One and Three, followed by two consecutive life terms each on Counts Two and Four. *See*

---

[1] *See Superseding Indictment*, Criminal Document No. 125 at 1–6.

2

*United States v. Hill*, 35 F.4th 366 (5th Cir. 2022). An initial consolidated appeal was argued by the five co-defendants in this matter. *See id.* Of note, the Fifth Circuit held that the evidence was sufficient to support a conviction for Court Four, aiding and abetting discharge of a firearm during a crime of violence, as predicated on attempted Hobbs Act robbery. *See id.* at 395. Upon panel rehearing, however, the Fifth Circuit vacated Count Four as to all defendants, based on the Supreme Court's holding in *United States v. Taylor*, 596 U.S. 845, (2022), that "attempted Hobbs Act robbery does not qualify as a crime of violence." *Hill*, 63 F.4th at 363-64. On May 10, 2024, Hill filed his pending motion for ineffective assistance counsel brought pursuant to 28 U.S.C. § 2255.[2] On November 1, 2024, the Government filed a motion for summary judgment contending that Hill's 2255 motion should be denied.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error,

---

[2] *See Pro Se Petitioner Marc Anthony Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Personal in Federal Custody*, Criminal Document No. 840 at 1–12.

3

he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the

4

first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Hill moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on three grounds: (1) Hill's counsel was ineffective in regard to his performance surrounding this Court's exclusion of testimony from an alleged expert witness prior to trial ("Claim One"); (2) Hill's counsel was ineffective by failing to raise an objection concerning Hill's attendance at an *in camera* hearing ("Claim Two"); and (3) Hill's appellate counsel was ineffective because he failed to argue the above issues on appeal ("Claim Three").[3] In response, the Government contends that Hill's claims for ineffective assistance of counsel are speculative and conclusory, and notes for the Court the Supreme Court's strong guidance that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court will consider, in turn, each of Hill's claims.

---

[3] *See Pro Se Petitioner Marc Anthony Hill's Memorandum of Law in Support of Petitioner's Motion Pursuant to 28 U.S.C. § 2255*, Criminal Document No. 841 at 1–90.

5

*A      Claim One*

Claim first contends that his defense counsel at trial was ineffective because he "fail[ed] to request a Daubert hearing on Jan. 7, 2019 after this court denied him the expert witness Marisa T. Dery."[4] The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires

---

[4] *See Pro Se Petitioner Marc Anthony Hill's Memorandum of Law in Support of Petitioner's Motion Pursuant to 28 U.S.C. § 2255*, Criminal Document No. 841 at 122.

6

a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance, and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). The standards for ineffective trial and appellate counsel are the same. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

Here, Hill contends that had a Daubert hearing occurred regarding his tendered expert's expertise, she would have been found to be an expert, testified at trial that Hill was not the person in communication on cell phone recordings offered by the Government, and thus caused Hill to be acquitted.[5] A review of the pre-trial motion practice in this case reveals that Hill's trial counsel litigated the issue of allowing his tendered voice expert to testify, at length. On December 28, 2018, Hill's trial counsel filed a proposed witness list, denoting Merisa Dery as a voice identification expert.[6] The Government then filed a motion to exclude Ms. Dery's testimony disputing "the reliability of the science underlying voice identification, as

---

[5] *Id.* at 6–11.

[6] *See Defendant Marc Anthony Hill's Proposed Expert Witness List*, Criminal Document No. 240 at 2.

7

well as the methods applied by Dery in this case."[7] On January 2, 2019, Hill's trial counsel filed an extensive response to the Government's motion to exclude, arguing that Dery "is an expert in voice identification and manages a forensic practice that specializes in this science and related topics . . . and by training and experience is an expert in this field."[8] Hill's trial counsel then asked that the Court conduct a Federal Rule of Evidence 702 hearing in an attempt to further advocate for his client.[9] On January 7, 2019, the Honorable District Court Judge Ewing Werlein, Jr held a pretrial conference in which the issue of Ms. Dery's expert testimony was discussed, at length.[10] This Court ultimately granted the Government's motion to exclude Ms. Dery's proposed expert testimony, finding that "the use of this technology and this kind of expertise is not accepted and does not meet the *Daubert* standard."[11]

In sum, the Court notes the significant lengths Hill's trial counsel went to in efforts to ensure his client's desired expert witness could testify at trial. The record makes clear that Hill's trial counsel researched the issue, tried to have the evidence

---

[7] *Government's Motion to Exclude Expert Witness Testimony*, Criminal Document No. 242 at 1–10.

[8] *See Defendant Marc Anthony Hill's Response to Government's Motion to Exclude Testimony of Marisa Dery and John Sawicki*, Criminal Document No. 243 at 1–4.

[9] *Id.* at 3.

[10] *Transcript of January 7, 2019 Pretrial Conference*, Criminal Document No. 682 at 1–214.

[11] *Id.* at 19.

admitted, but was ultimately unsuccessful. Hill also provides the Court with a plethora of cases in his 120-page memorandum in support of his 2255 motion, none of which support his conclusion or are binding on this Court. Hill further contends that his trial counsel was obligated to recite nonbinding cases to the Court in his attempt to have Ms. Dery's testimony admitted, even when faced with the Government's cited binding authority in this Circuit holding that the exact type of evidence Hill was trying to introduce was not admissible.

Construing the pending 2255 motion liberally, it appears Hill seeks to relitigate the Court's prior ruling excluding Ms. Dery's testimony and is now attempting to relitigate the issue by placing the blame on his attorney. The Court further notes that even if Hill's trial counsel was successful in getting Ms. Dery's expert testimony in at trial, the Government was still prepared to call its own expert witness in rebuttal to refute her testimony. Accordingly, having considered the foregoing, the Court finds that Hill has failed to show that his trial counsel's failure to get Ms. Dery's expert testimony admitted at trial was either deficient or prejudicial, as is required under binding Fifth Circuit precedent. Therefore, the Court finds that summary judgment should be granted as to Claim One. The Court now turns to address Claim Two.

9

*B.  Claim Two*

Hill also contends that his attorney was ineffective by not ensuring Hill was present at an in-camera hearing, arguing that he "had a constitutionally protected right to be present/ or have representation, at the in-camera hearing involving the confidential informant" and that because he "was blocked from attending[,]" "prejudice is presumed."[12] The Government notes that the Fifth Circuit has made clear, in direct contrast to Hill's argument, that "the defendant's sixth amendment right to assistance of counsel . . . is not violated by an in camera proceeding used to determine whether the disclosure of an informant's identity would benefit the defense and therefore be revealed." *United States v. De Los Santos*, 810 F.2d 1326, 1335 (5th Cir. 1987).

Despite the Fifth Circuit's clear language referenced above, Hill accuses his attorney of being constitutionally deficient by failing to object to the Court's order denying Hill's attendance at the December 17, 2018, *in-camera* hearing. The Government further notes for the Court the Fifth Circuit's guidance in *Henderson v. Cockrell*, 333 F.3d 592, 602 (5th Cir. 2003), in which the Fifth Circuit held that trial counsel cannot "render deficient performance by failing to make a futile objection." Having considered the foregoing, the Court finds that Hill has failed to show that his

---

[12] *See Pro Se Petitioner Marc Anthony Hill's Memorandum of Law in Support of Petitioner's Motion Pursuant to 28 U.S.C. § 2255*, Criminal Document No. 841 at 16.

10

trial counsel's decision not to object to the Court's *in-camera* hearing ruling was either deficient or prejudicial as required under binding Fifth Circuit precedent. Therefore, the Court finds that summary judgment should be granted as to Claim Two. The Court will now consider Claim Three.

## C.   *Claim Three*

Hill contends that his appellate attorney was ineffective by failing to raise Claims One and Two in Hill's appeal. The Government contends Hill cannot meet his burden under the *Strickland* test to show his appellate counsel was ineffective.

The standards for ineffective trial and appellate counsel are the same. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993). Although counsel must discover and assert "solid, meritorious arguments based on directly controlling precedent" he or she is "not deficient for failing to raise every meritorious claim that may be pressed on appeal." *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Here, Hill claims that had his appellate counsel pursued the two claims discussed herein, "his conviction and sentence would've been overturned."[13] The

---

[13] *See Pro Se Petitioner Marc Anthony Hill's Memorandum of Law in Support of Petitioner's Motion Pursuant to 28 U.S.C. § 2255*, Criminal Document No. 841 at 17.

11

Government contends that there is no indication that raising the issues of Hill's expert witness and lack of presence at an *in-camera* hearing would have been successful. The Government further notes for the Court Hill's appellate counsel's success upon appeal in securing an acquittal on Count Four of the indictment. *See Hill*, 63 F.4th at 363-64. The Court has independently reviewed each of the 120 pages filed by Hill in support of his 2255 motion, and cannot construe any other independent failure alleged against Hill's appellate counsel other than the Claims already ruled upon, in detail, in this Order. Accordingly, the Court finds that Hill fails to show that his appellate counsel's representation was constitutionally deficient as required under binding Fifth Circuit precedent. Therefore, the Court finds that summary judgment should be granted as to Claim Three. The Court now turns to Hill's omnibus supplemental 2255 motion.

D.    *Pro Se Petitioner's Omnibus Motion for Post Conviction Relief*

On August 8, 2025, Hill filed an omnibus motion for post-conviction relief, adding an additional claim for ineffective assistance of counsel based on his trial counsel's alleged failure to anticipate changes in the federal sentencing guidelines.[14] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations in which a federal prisoner may file a § 2255 motion. *See* 28

---

[14] *See Pro Se Petitioner Marc Anthony Hill's Omnibus Motion for Post-Conviction Relief,* Criminal Document No. 899 at 1–2.

U.S.C. § 2255(f). By default, the limitations period runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The "movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely." *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).

Here, the central inquiry before the Court is whether Hill's second motion brought pursuant to § 2255 is timely. To determine timeliness, the Court must determine on what date the one-year statute of limitations began to run. A review of the record in this case reveals that the amended final judgment in this case was signed on May 2, 2023.[15] On August 8, 2025, Hill filed his omnibus § 2255 motion, over fifteen months after his appeal was resolved by the Fifth Circuit and the amended final judgment was issued in this matter. Therefore, having considered the foregoing, the Court finds that Hill's second omnibus § 2255 motion filed on August 8, 2025, is untimely, in violation of the application statute of limitations, and should be dismissed accordingly.

---

[15] *See Amended Final Judgment*, Criminal Document No. 781 at 1–6.

13

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Marc Anthony Hill's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 1, Criminal Document No. 840) is **DENIED**.[16] The Court further

**ORDERS** that Petitioner's Supplemental Omnibus Motion for Post-Conviction Relief (Criminal Document No. 899) is **DENIED**. The Court further

**ORDERS** that Respondent United States of America's Motion for Summary Judgment (Criminal Document No. 864) is **GRANTED**.

SIGNED at Houston, Texas, on this __16__ day of June, 2026.

DAVID HITTNER
United States District Judge

---

[16] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Hill does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.

14